ELEUTERIO VÁZQUEZ SÁNCHEZ, Petitioner, *v.* DISTRICT COURT OF GUAYAMA, Respondent.

No. 1205. Argued March 4, 1940.—Decided June 14, 1940.

*M. Guzmán Texidor* for petitioner. *George A. Malcolm, Attorney General,* and *Emilio de Aldrey, Assistant Attorney General,* for respondent. *F. González Fagundo* for interveners, claimants in the main action.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Ana Ojeda and her former husband brought, in the District Court of Guayama, an action against Eleuterio Vázquez, petitioner herein, to recover the sum of $1,154.54, which the debtor had secured with a mortgage upon three rural properties measuring six, seven, and ten acres (*cuerdas*), respectively. After judgment had been rendered against defendant and an order of execution had been issued, the marshal proceeded to levy on the three properties of the defendant and to advertise the sale thereof at public auction on April 26, 1939, the day set for the public sale, and before such sale had taken place, the defendant presented to the marshal "a homestead claim," in which he alleged that he, as a householder, together with his family, had for more than fifteen years possessed and occupied the three properties above mentioned; that during that time he had no other residence; that he had never delivered the actual possession of said properties in which he has established his homestead; that he had never transferred nor received any consideration for his homestead right; and that he made his claim for the purposes of section 5 of Act No. 87 of May 13, 1936 (Session Laws, p. 460), establishing the right of homestead.

When the auction was held, the plaintiffs appeared and offered for the six-acre tract $60; for the seven-acre tract $70; and for the ten-acre tract $100. The marshal, in view of the homestead claim presented by the defendant and of the fact that the sum offered did not amount to $500, refrained from awarding the properties to the plaintiffs. The latter filed a motion in which they alleged in substance:

1. That in the deed in which the credit sought to be enforced was constituted and which was executed on September 1, 1928, the defendant declared that he had not established any homestead in the properties described, and bound himself not to establish any during the term of the mortgage contract, nor to claim an exemption on that account in case of an execution.

2. That the stay of the sale was erroneous (a) because the homestead claim did not specify in which of the three properties the debtor had established such right; and (b) because Act No. 87 of 1936 can not be given retroactive operation so as to affect a contract made in the year 1928.

The plaintiffs requested that the marshal be directed to proceed to the sale of the properties free from any homestead claim.

On February 13, 1940, the district court made an order directing the clerk to issue a new writ to the marshal in order that the latter officer should proceed to the sale of the properties "disregarding any homestead claim on the part of the defendants, without prejudice to the right of the latter to enforce any claim that they might have by means of the proper ordinary action in accordance with the provisions of section 6 of the cited Act No. 87 of May 13, 1936."

In order to review the proceedings had in the lower court, the petitioner applied to this Supreme Court for a writ of certiorari, which was issued and the parties were duly heard.

The question to be decided in the present proceeding is not whether or not the petitioner herein is entitled to the homestead right which he claims, nor whether the existence or nonexistence of that right must be determined in

accordance with the law in force in 1928 or in accordance with the Act of 1936 (Act No. 87 of 1936, Session Laws, p. 460). What we must decide is whether or not the lower court erred in compelling the defendant, claimant of a homestead right, to resort to the ordinary action prescribed by section 6 of Act No. 87 of 1936, when he had elected to proceed in accordance with section 5 of the same act by filing a claim with the marshal. The said sections 5 and 6 read as follows:

"Section 5.—No sale shall be made, under a judgment or execution, of any such urban or rural property when the same is claimed or occupied as a homestead, whether registered or not in the registry of property, unless a sum greater than five hundred dollars is obtained therefor.

"Such claim shall be made by means of an affidavit in which the good faith thereof shall be set forth, which affidavit shall be delivered to the officer in charge of the sale.

"In case such urban or rural property shall be sold for more than five hundred dollars, the excess over said sum shall be paid to the creditor and the sum of five hundred dollars shall be immediately deposited by the officer who made the sale, in the office of the secretary of the district court for the respective judicial district, so that said court may then decide as to the legitimacy of such claim. Said sum shall be exempt from embargo or execution of any nature, except in the cases provided in Section 2.

"The action shall be instituted by means of a complaint prepared in accordance with the provisions established for ordinary actions by the Code of Civil Procedure, which complaint shall be filed with the said district court within a period of thirty (30) days after the sale is made; . . .

"Section 6.—In case no claim whatsoever is established before the officer in charge of the auction sale, the person entitled to the claim of homestead may institute the corresponding ordinary action within sixty (60) days after the date on which the auction was held."

As may be seen, the act, by the two sections above noted, which are of an adjective or procedural nature, prescribes two different kinds of proceedings, one, that of section 5,

being of a summary or special character; and the other, that of section 6, being of an ordinary character.

The defendant exercised his right when he requested the marshal "not to sell said properties at the above-mentioned auction unless a sum greater than $500 is obtained for the said properties and if they are sold for more than $500, the claimant requests that you, as marshal of this court, deposit said sum in the office of the Clerk of the District Court of Guayama, in accordance with section 5 of the aforesaid act."

The marshal acted correctly in refusing to make a sale to the plaintiffs when he failed to obtain more than $500 for the properties.

In support of its decision the lower court said:

"Where the sale has been stayed or the deposit obtained, the claimant must institute his action to enforce his homestead claim by means of a complaint prepared in the ordinary form, which complaint he must file in the district court within the period of 30 days, counted from the date on which the sale was made or the auction suspended by reason of the failure to obtain a price greater than $500.

"In the case which we are now deciding, the defendant Eleuterio Vázquez Sánchez timely presented to the marshal of this court the affidavit referred to in section 5 of the act, claiming a homestead right in the three rural properties which were the object of the sale, and obtained the stay of such sale because the price offered for said properties was less than $500; but he allowed the said period of 30 days to elapse without filing the complaint referred to in said section 5 and which he has not yet filed, thus waiving his right to enforce his homestead claim by means of the summary proceeding prescribed by said section 5 of Act No. 87 of 1936."

The above decision and grounds are in our opinion erroneous and contrary to. the letter and spirit of the act. The defendant, whose properties were put on sale and on which he claimed a homestead right before the marshal in accordance with section 5, *supra,* is not bound to file a complaint when it has been impossible to make a sale by reason of the failure to obtain more than $500 therefor. The sale having

been stayed on that account, the defendant had nothing to do but wait and continue to occupy his homestead until a new auction were held and a sale made for a sum greater than $500, of which sum $500 must be deposited in the office of the clerk of the court until said court should decide on the legitimacy of such claim. The 30 days granted by the act to the claimant for filing his homestead complaint must be counted ''from the date on which the sale was made,'' that is, from the date on which the property is sold for more than $500, which is the only sale authorized by law, where a claim has been filed with the marshal prior to the auction. It was error for the court to hold, as it did, that the defendant in this case had lost his right to proceed under section 5, *supra*, because he failed to file his complaint within 30 days counted from the date on which the sale of the properties was stayed. A suspended sale is not a sale made and followed by the deposit of the amount fixed by law as the value of the homestead. The best proof that no sale has been made is the decision appealed from in which decision the marshal is directed ''to proceed to the sale at public auction of the properties in question.'' The defendant has 30 days from the date on which that sale takes place, provided the same yields more than $500, to file his homestead complaint. The lower court therefore erred in directing that the sale should be made ''without regard to any homestead claim on the part of the defendants.''

For the reasons stated the decision appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

Mr. Justice Wolf dissented on the ground that the order of the lower court for the sale of the three properties should be vacated only as to the property on which a homestead right is claimed, and not as regards the other two properties.

Mr. Justice De Jesús took no part in the decision of this case.